of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.

53.  During the Class Period, defendants directly engaged in a common plan, scheme, and unlawful course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud and deceit upon plaintiff and the other members of the Class, and made various deceptive and untrue statements of material facts and omitted to state material facts in order to make the statements made, in light of the circumstances under which they were made, not misleading to plaintiff and the other members of the Class. The purpose and effect of the scheme, plan, and unlawful course of conduct was, among other things, to deceive the investing public, including plaintiff and the other members of the Class, and to induce plaintiff and the other members of the Class to purchase Biopure common stock during the Class Period at artificially inflated prices.

54.  During the Class Period, the defendants, pursuant to said scheme, plan, and unlawful course of conduct, knowingly and/or recklessly issued, caused to be issued, participated in the issuance of, the preparation and/or issuance of deceptive and materially false and misleading statements to the investing public as particularized above.

55.  As a result of the defendants' dissemination of and/or failure to correct the false and misleading statements set forth above, the market price of Biopure common stock was artificially inflated during the Class Period. Unaware of the false and misleading nature of the statements described above and the deceptive and manipulative devices and contrivances employed by the defendants, plaintiff and the other members of the Class relied, to their detriment, on the integrity of the market price of the stock in purchasing Biopure common stock. Had plaintiff and the other members of the Class known the truth, they would not have

purchased Biopure common stock shares or would not have purchased them at the inflated prices that they did.

56. Plaintiff and the other members of the Class have suffered damages as a result of the wrongs herein alleged in an amount to be proved at trial.

57. By reason the foregoing, the defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and is liable to plaintiff and the other members of the Class for damages which they suffered in connection with their purchases of Biopure common stock during the Class Period.

## COUNT II

### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT BROUGHT AGAINST THE INDIVIDUAL DEFENDANTS

58. Plaintiff repeats and reiterates each and every allegation contained in each of the foregoing paragraphs as if set forth fully herein.

59. The Individual Defendants acted as controlling persons of the Company under the meaning of section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and active participation in and/or awareness of the Company's day-to-day operations, and/or intimate knowledge of the Company's expansion plans and implementation thereof, each Individual Defendant had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that plaintiff alleges are false and misleading. The Individual Defendants were provided with, or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged herein to be misleading prior to

and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

60.     In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

61.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act. As a direct and proximate result of the wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on her own behalf and on behalf of the Class, prays for judgment as follows:

(a)     Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b)     Awarding plaintiff and the other members of the Class damages in an amount which may be proven at trial, together with interest thereon;

(c)     Awarding plaintiff and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs; and

(d)     Such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by Jury.

Dated: January 26, 2004

                                                                          **BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

By: _____
Norman Berman, BBO #040460
One Liberty Square, 8th Floor
Boston, Massachusetts 02109
Phone: (617) 542-8300
Fax: (617) 542-1194

**LAW OFFICES OF BERNARD M. GROSS, P.C.**
Deborah R. Gross, Esq.
Robert P. Fruitkin, Esq.
1515 Locaust Street, 2nd Floor
Philadelphia, PA 19102
Telephone: (215) 561-3600

**LEVIN FISHBEIN SEDRAN & BERMAN**
Arnold Levin, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3875
Telephone: (215) 592-1500

**JAROSLAWICZ AND JAROS**
David Jaroslawicz, Esq.
150 William Street, 19th Floor
New York, NY 10038
(212) 227-2780

**Attorneys for Plaintiff**

## PLAINTIFF'S SWORN CERTIFICATION

I, June E. Patenaude, hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1. I have reviewed the complaint filed herewith in the captioned action (the "Complaint"), and have authorized the filing thereof.

2. I am willing to serve as representative party on behalf of the class (the "Class") as defined in the Complaint, including providing testimony at deposition and trial, if necessary.

3. My transactions in Biopure Corporation are reflected on Exhibit A.

4. I did not purchase these securities at the direction of counsel, or in order to participate in any private action arising under the Securities Exchange Act of 1934.

5. During the three year period preceding the date of my signing this Certification, I have not been certified as representative party on behalf of a class in any private action arising under the Securities Exchange Act of 1934.

6. I will not accept any payment for serving as representative party on behalf of the Class beyond my pro rata share of any possible recovery, except for an award, as ordered or approved by the court, for reasonable costs and expenses (including lost wages) directly relating to my representation of the Class.

Signed under penalties of perjury this 22 day of January, 2004

_June E. Patenaude_

## BIOPURE

### EXHIBIT A

| DATE OF PURCHASE | NO. OF SHARES | PRICE PAID | TOTAL PAID |
|---|---|---|---|
| April 30, 2003 | 125 | $3.54 | $442.50 |
| May 14, 2003 | 75 | $4.55 | $341.25 |
| May 29, 2003 | 35 | $5.82 | $203.70 |